No. 03-0895

 Union Carbide

 v.

 Audrey Amelia Adams, et al.

 On Review By The Multidistrict Litigation Panel

 Heard on December 12, 2003

Dissenting opinion filed by Justice Kidd.

 Over the past quarter of a century, the asbestos litigation docket in
Texas has accomplished the monumental feat of disposing of almost 30,000
cases. This success is largely due to the cooperation of counsel on both
sides of the asbestos docket and the coordinated effort of hard-working
trial judges across this vast state. See In re Ethyl Corp., 975 S.W.2d
606, 610-11 (Tex. 1998). The centerpiece of this cooperative effort
remains a series of agreed standing pretrial orders and an assigned
asbestos judge in ten of our most populous Texas counties, comprising every
major metropolitan area in the state. As a result, defense counsel have
publicly declared that 99% of all asbestos litigation has been settled
amicably. More importantly, unlike some contentious mass-tort litigation,
asbestos cases have not involved the trial courts in a number of pretrial
hearings because all but a handful of pretrial issues have been concluded
by the entry of agreed orders.
 In sharp contrast is the federal asbestos experience of the last
decade. After the assignment of all pretrial matters in federal asbestos
cases to a single federal district court, the federal asbestos docket
suffered from that dreaded disease commonly known as "pretrial paralysis."
Dying asbestos victims watched in horror as their asbestos cases were,
quite literally, "pretried" to death. See, e.g., In re Patenaude, 210 F.3d
135, 138 (3rd Cir. 2000), cert. denied, 531 U.S. 1011 (2000).
 Today, a bare majority of this panel seeks to adopt the federal model
and assign all prospective asbestos cases to a single, statewide asbestos
judge. In light of the federal experience, this action, in my view,
disregards the standard to be applied in order to justify such a transfer,
which requires that the transfer will be for the convenience of the parties
and witnesses and will promote the just and efficient conduct of the case.
Therefore, I respectfully dissent to the order of transfer.
Opinion delivered: December 30, 2003

Mack Kidd
Justice